UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNION OF INDEPENDENTS PARTY ) | |
| and SHERRY-JOLENE GABBARD, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 3:12-cv-00742 |
| ) | Judge Sharp |
| STATE OF TENNESSEE ELECTIONS ) | |
| COMMISSION, et al., ) | |
| ) | |
| Defendants. ) | |

**M E M O R A N D U M**

Plaintiff Sherry-Jolene Gabbard, proceeding *pro se* and *in forma pauperis*, is a resident of Mulberry, Arkansas. The plaintiff brings claims against the State of Tennessee Elections Commission and "Elections and Legislated Statutes" pursuant to 42 U.S.C. § 1983, alleging, *inter alia*, that provisions of Tennessee's ballot access statutes effectively exclude minor political parties from achieving recognition as a political party and ballot access for their candidates in violation of the First and Fourteenth Amendments to the United States Constitution. (Docket No. 1).

**I.     Preliminary Issue**

The caption of the complaint lists a second plaintiff, the Union of Independents Party. (Docket No. 1 at p. 1). However, after the parenthetical on page one of the complaint stating, "If more than one plaintiff, provide the same information for each plaintiff below", plaintiff Gabbard has handwritten the answer, "down to one (S.J. Gabbard self)." (Docket No. 1 at p. 1).

Only Ms. Gabbard has signed the complaint, and only she has submitted an application to proceed as a pauper in this matter. No portion of the filing fee has been submitted on behalf of the Union of Independents Party. Consequently, the court understands this complaint to have been

1

brought solely by Ms. Gabbard; the Union of Independents Party has not been and is not a party to this action.

## II. Standard of Review

Because plaintiff Gabbard is proceeding *pro se* and *in forma pauperis*, the court must conduct an initial review of the complaint pursuant to 28 U.S.C. § 1915. *Pro se* complaints are to be construed liberally by the court. *See Boag v. McDougall*, 454 U.S. 364, 365 (1982). However, under 28 U.S.C. § 1915(e)(2), the court is required to dismiss a complaint brought by a plaintiff proceeding *in forma pauperis* "at any time the court determines" that the complaint is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i) and (B)(ii).

A complaint is frivolous and warrants dismissal when the claim "lacks an arguable basis in law or fact." *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint lacks an arguable basis in law or fact if it contains factual allegations that are fantastic or delusional, or if it is based on legal theories that are indisputably meritless. *Id.* at 327-28; *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198-99 (6th Cir. 1990).

## III. Standing

Standing is "the threshold question in every federal case." *Warth v. Seldin*, 422 U.S. 490, 498 (1975). "To satisfy Article Ill's standing requirement, a plaintiff must have suffered some actual or threatened injury due to the alleged illegal conduct of the defendant; the injury must be 'fairly traceable' to the challenged action; and there must be a substantial likelihood that the relief requested will redress or prevent the plaintiff's injury." *Coyne v. American Tobacco Co.*, 183 F.3d 488, 494 (6th Cir. 1999) (citing *Valley Forge Christian Coll. v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 472 (1982)).

Although the plaintiff's allegations are serious and potentially meritorious,[1] the court finds that this particular plaintiff is not properly before this court. It is undisputed that Ms. Gabbard is a resident of Arkansas. She is not a Tennessee resident subject to the election statutes and regulations that she challenges in this lawsuit. As a result, she lacks standing to challenge the constitutionality of those laws.

The plaintiff does not have standing under the doctrine of *jus tertii*, or third-party standing. Generally speaking, a plaintiff is permitted to assert the rights of a third party where the plaintiff has suffered his or her own injury-in-fact, there is a nexus between the right asserted and the relationship between the party and the third party, and the litigation will have a material impact on those third-party interests. *See United States Dep't of Labor v. Triplett*, 494 U.S. 715, 720-21 (1990). The plaintiff here has neither alleged nor established that third-party standing is appropriate.

## IV.   Conclusion

Accordingly, the court finds that the plaintiff lacks standing to pursue this action. As a result, the complaint must be dismissed.

An appropriate Order will be entered.

Kevin H. Sharp
United States District Judge

---

[1] Earlier this year, in the case of *Green Party of Tennessee v. Hargett*, — F. Supp.2d —, 2012 WL 379447 (M.D. Tenn. Feb. 3, 2012), Honorable William J. Haynes, Jr., held that the Tennessee statute requiring a signatory voter, on a petition for recognition and ballot access, to assert that he or she was a member of the party violated the First Amendment; the statute requiring political parties to select their candidates for the general election by a primary election violated minor political parties' First Amendment rights; the requirement that a "Recognized minor party" had to collect 2.5% of the votes in the last gubernatorial election violated the First Amendments as applied to the plaintiffs; statutes which, in combination, required recognized petitions to be filed at least 119 days before the August state primary violated the First Amendment as applied to the plaintiffs; the statute's preferential placement of majority party candidates on election ballots violated the First Amendment; statutes prohibiting minor political parties from using the words "independent" or "nonpartisan" in their names violated the First Amendment; and the statute requiring minor political parties to "conform to requirements established by the coordinator of elections" was an impermissible delegation of legislative authority and was unconstitutionally vague.